IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| HENRY T. SANDERS <br>     Plaintiff, <br> v. <br><br> STATE OF MARYLAND <br> TREASURER OF MARYLAND <br>     Defendants. | * <br><br> *   CIVIL ACTION NO. PJM-09-3173 <br> * <br><br> * <br> *** |

## **MEMORANDUM OPINION**

The instant case was received for filing on November 30, 2009. Henry T. Sanders, a resident of Hyattsville, Maryland and frequent filer in this Court in the 1990s, filed this *pro se* action. It represents the second action he has filed in as many weeks. Sanders's papers are initially captioned as an "Affidavit in Support of Complaint for Contempt *In Forma Pauperis*." Paper No. 1. He seemingly requests that Defendants be found in contempt for failing to comply with a subpoena allegedly issued in a state court action approximately twelve years ago. Sanders also references this Court's November 18, 2009 decision "in favor of Respondents"[1] and appears to take issue with the dismissal of his case. *Id*.

Sanders demands judgment, but his language and statements are incomprehensible. Accompanying the "Affidavit" is a civil cover sheet invoking "federal question" jurisdiction; another "Affidavit" containing several motions for summons, subpoenas, and depositions, and

---

[1] In *Sanders v. State, et al.,* Civil Action No. PJM-09-3036 (D. Md.), the Court dismissed the Complaint without prejudice, finding that Sanders's action did not comply with federal rule pleading requirements under Rule 8.

requests for jury trial and evidentiary hearing, a copy of a facsimile transmission, Sanders's Affidavit in Support of Default and Military Affidavit, and a subpoena.[2]

Because he appears indigent, Sanders's Motion for Leave to Proceed *In Forma Pauperis* shall be granted. The Complaint shall, however, be dismissed.

While *pro se* complaints are to be generously construed, federal courts are not required to conjure up questions never squarely presented to them or to act as an advocate for a *pro se* claimant. *See Brock v. Carroll*, 107 F.3d 241, 242-43 (4th Cir. 1996); *Weller v. Department of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *Beaudett v. City of Hampton*, 775 F. 2d 1274, 1277 (4th Cir. 1985). Pursuant to Fed. R. Civ. P. 8(a), a pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Moreover, each "averment of a pleading shall be simple, concise, and direct. " Fed. R. Civ. P. 8(e)(1). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, --- U.S. ---, ---, 129 S.Ct. 1937, 1949 (2009).

---

[2] The Court observes that Sanders has included a self-issued subpoena as an exhibit. *See* Paper No. 1 at Attachment 7. This is not a legal subpoena issued by the Court. In the past, Sanders had a penchant for completing federal court subpoena forms and issuing them in force to various government agencies, private companies, and individuals, so much so that, on July 13, 1998, this court prohibited him from issuing federal court subpoenas. *See Sanders v. State*, Civil Action No. PJM-97-1654 (D. Md.) at Paper Nos. 37 & 38. Plaintiff was notified that his failure to comply with this prohibition would result in the imposition of sanctions. Although several years have passed since the issuance of that Order, Sanders is cautioned that the prohibition remains in force. He is not to issue federal court subpoenas; said subpoenas will be issued only

Even when affording the *pro se* Complaint a generous construction, the Court finds that Sanders's statements and pleadings are incomprehensible.  Further, Sanders seeks to invoke this Court's jurisdiction under 28 U.S.C. § 1331.  The undersigned finds, however, that Sanders has failed to present a factual or legal basis for invoking a district court's federal question jurisdiction.  The Complaint shall therefore be summarily dismissed.  All motions contained in his attached Affidavit shall be denied.   A separate Order follows.


Date: December 9, 2009                                             /s/                       
                                                            PETER J. MESSITTE
                                                       UNITED STATES DISTRICT JUDGE

upon order of the Court.